Brian M. Boynton          (SBN 222193)
Francesco Valentini       (SBN 255264)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
(202) 663-6363 (fax)
brian.boynton@wilmerhale.com

Randall R. Lee            (SBN 152672)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Ave., Suite 2100
Los Angeles, CA  90071
(213) 443-5300
(213) 443-5400 (fax)
randall.lee@wilmerhale.com

Attorneys for Proposed Defendant-Intervenor
ASSOCIATION OF CALIFORNIA EGG FARMERS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. Chris Koster, Attorney General; THE STATE OF NEBRASKA, ex rel. Jon Bruning, Attorney General; THE STATE OF OKLAHOMA, ex rel. E. Scott Pruitt, Attorney General; THE STATE OF ALABAMA, ex rel. Luther Strange, Attorney General; THE COMMONWEALTH OF KENTUCKY, ex rel. Jack Conway, Attorney General; and TERRY E. BRANSTAD, Governor of the State of Iowa,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California; KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture,<br><br>Defendants. | CASE NO. 2:14-cv-00341-KJM-KJN<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE OF PROPOSED DEFENDANT-INTERVENOR ASSOCIATION OF CALIFORNIA EGG FARMERS**<br><br>Date:   May 9, 2014<br><br>Time:   10:00 a.m.<br><br>Before: Hon. Kimberly J. Mueller |

The Association of California Egg Farmers ("ACEF") should be permitted to intervene in this case either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively in the Court's discretion under Federal Rule of Civil Procedure 24(b).

## I. THE ASSOCIATION OF CALIFORNIA EGG FARMERS SHOULD BE PERMITTED TO INTERVENE AS OF RIGHT

Plaintiffs' partial opposition (Dkt. No. 46 ("Opp.")) to ACEF's motion to intervene is notable for what it does *not* oppose. Two Plaintiffs, Kentucky and Alabama, do not oppose ACEF's request to intervene at all. Dkt. No. 46 n.1. The remaining Plaintiffs ("Objecting Plaintiffs") oppose ACEF's request, but do not contest that ACEF has established the first three elements required for intervention as of right: (1) that ACEF's motion was timely; (2) that ACEF has a significant protectable interest in the litigation because it benefits directly from the heightened food safety standards created by AB 1437 and § 1350; and (3) that ACEF's interest in ensuring contaminated eggs are not sold in California would be impaired if this Court concludes that the two provisions are invalid.

The Objecting Plaintiffs contend only that the California Defendants are presumed to adequately represent ACEF's interests and that this presumption has not been rebutted. Opp. 12-13. That contention, however, is without merit. As an association of California egg producers who are subject to—and support—AB 1437 and § 1350, ACEF would bring a unique perspective and distinct expertise to this litigation. ACEF's interest in this case is economic, not political. It supports AB 1437 and § 1350 as important food safety measures meant to prevent "disruptions to the market that decrease consumption of eggs" and thus "directly injure[] ACEF and its members." Dkt. No. 33-1 ("Mot.") at 8. ACEF's perspective is that of the industry most directly affected by the challenged provisions—not of the public generally. Although California and ACEF agree that AB 1437 and § 1350 are constitutional and not preempted, their views can, and often do, diverge when it comes to the best way to regulate egg farming. ACEF urged the California Legislature to clarify Proposition 2's standards when it enacted AB 1437. ACEF also brought a lawsuit against the State of California to challenge the vagueness of Proposition 2's standards, which are expressly incorporated into AB 1437. *See Association of Cal. Egg Farmers v. State*, No. 12-CECG-03695 (Cal. Super. Ct.). That

1    case against California remains pending on appeal.  *See Association of Cal. Egg Farmers v. State*,

2    No. F068496 (5th Dist. Ct. App.).  To the extent the asserted burden on commerce allegedly posed

3    by AB 1437 turns on what precisely the Proposition 2 standards require, ACEF could well part ways

4    with California.

5          Additionally, it is uncontested that ACEF would bring unique expertise about egg farming

6    and food safety risks in those activities.  Mot. at 11.  ACEF's members are responsible for more than

7    70% of the commercial egg-laying hens in California.  Murdock Decl. ¶ 2.  ACEF also has deep

8    expertise in egg food safety issues.  It participated in the rulemaking process for § 1350 and has been

9    a supporter of the California Egg Quality Assurance Program for many years.  Mot. at 4.  Indeed,

10   because neither Plaintiffs nor the California Defendants are themselves egg farmers, ACEF would be

11   the *only* party in this lawsuit about egg farming with any expertise in egg farming.  Should this

12   action progress past the pleading stage, such expertise would be critical.  ACEF would be in a

13   unique position to provide reliable evidence about issues such as the actual cost and process of

14   converting hen housing to the standards referenced in AB 1437 and § 1350—issues that Plaintiffs'

15   own First Amended Complaint purports to put in dispute.  *See, e.g.*, Dkt. No. 13 ¶¶ 61, 85, 86.

16   ACEF respectfully submits that its expertise would be necessary to develop a factual record

17   sufficient to adequately represent the interests of its members in this action.

18         The Objecting Plaintiffs argue (at 13) that California ought to be *presumed* to adequately

19   represent ACEF's interests in this case.  But any presumption of adequate representation by the

20   government is overcome where, as here, the proposed intervenor has a parochial economic interest

21   in the challenged laws that is narrower than the interests of the public at large.  In *Californians For*

22   *Safe & Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998), an

23   association of motor carriers filed suit against the California officials who enforced California's

24   Prevailing Wage Law, alleging that the law was preempted by federal law.  *See id.* at 1186.  The

25   district court permitted the Teamsters union to intervene as defendants, and the Ninth Circuit

26   affirmed without even mentioning the presumption of adequacy invoked by the Objecting Plaintiffs.

27   *Id.*  The Ninth Circuit held that, "because the employment interests of [the union]'s members were

28   potentially more narrow and parochial than the interests of the public at large, [the union had]

demonstrated that the representation of its interests by the named defendants-appellees may have been inadequate." *Id.* at 1189-90; *see also Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) ("The Forest Service is required to represent a broader view than the more narrow, parochial interests of [proposed intervenors] the State of Arizona and Apache County."), *abrogated on other grounds by Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (en banc); *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) ("[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation." (internal quotation marks omitted)).[1]

Several district courts, including this Court, have applied this eminently reasonable principle—i.e., that parties with narrow and parochial economic interests may not be adequately represented by government defendants—in granting intervention as of right to parties that are more directly affected by the challenged laws than the public at large. For example, in *Golden Gate Restaurant Association v. City & County of San Francisco*, No. C-06-06997-JSW, 2007 WL 1052820 (N.D. Cal. Apr. 5, 2007), the district court granted intervention as of right to a group of labor unions representing restaurant employees in a lawsuit brought by employer groups challenging a San Francisco law requiring restaurants to expend a certain amount on healthcare for employees. *See id.* at *1. The district court held that the city may not adequately represent the interests of the union's members who "have a personal interest in the enforcement of the Ordinance that is more narrow than the City's general interest because they would be among the employees directly affected

---

[1] Other Circuits have adopted similar reasoning in holding that intervention is proper notwithstanding a claim that the prospective intervenor's interest will be adequately represented by a government defendant. *See, e.g.*, *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994) ("The government must represent the broad public interest, not just the economic concerns of the … industry."); *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1000-01 (8th Cir. 1993) (intervention proper where interests of intervenors "are narrower and more parochial interests than the sovereign interest[s] the state asserts"); *Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (government representation might not be adequate because "the government must represent the broad public interest, not just the economic concerns of one industry"); *Conservation Law Found. of New Eng., Inc. v. Mosbacher*, 966 F.2d 39, 44-45 (lst Cir. 1992) (government representation might not be adequate because "[t]he Secretary's judgments are necessarily constrained by his view of the public welfare…. [T]he fishermen may see their own interests in a different, perhaps more parochial light."); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252-53 (10th Cir. 2001).

by the injunction of the Ordinance." *Id.* at *4; *see also id.* (noting also that the government defendants "represent[ed] the public generally, including businesses and employers who claim to be harmed by the passage of the Ordinance.").

Similarly, in *Air Conditioning Trade Ass'n v. Baker*, No. 2:12-cv-132-KJM-DAD, 2012 WL 3205422 (E.D. Cal. July 31, 2012), this Court held that intervention as of right was appropriate for a union that had the right to comment on and participate in the process for approving new state-sponsored apprenticeship programs in a lawsuit challenging the validity of the State's program. *See id.* at *4-5, *7. The Court concluded that the state defendants in that case "ha[d] a broader interest than [the union] as the proposed intervenor." *Id.* at *5; *see also Snowlands Network v. United States Forest Serv.*, No. 2:11-cv-02921-MCE-DAD, 2012 WL 4755161, at *3 (E.D. Cal. Oct. 4, 2012) ("Defendant is … charged with making decisions for the benefit of the entire population.  As a result, [proposed intervenors] … set forth more specific goals and objectives than the much broader interests that Defendant must take into account."); *Syngenta Seeds, Inc. v. County of Kauai*, No. 14-cv-00014-BMK, 2014 WL 1631830, at *7 (D. Haw. Apr. 23, 2014) (Kurren, Mag.) (holding that organizations whose members included Kauai residents "living next to [plaintiffs'] fields" were entitled to intervene as of right in litigation challenging ordinance regulating use of pesticides within county because the residents were "the direct recipients of the purported benefits" of the ordinance and thus their interests were "decidedly more palpable than the County's generalized interest").[2]

*Mendonca*, *Golden Gate Restaurant Association*, and *Baker* make clear that ACEF is entitled to intervene as of right in this case.  As in those cases, the State here defends the challenged provisions (AB 1437 and § 1350) as expressions of a broad public interest—specifically, California's overall interest in food safety and animal welfare.  And, as in those cases, ACEF's interest in the continued validity of AB 1437 and § 1350 reflects a much more direct, narrow, and

---

[2] The Objecting Plaintiffs' assumption (at 12) that divergent interests must be reflected in divergent legal positions at this early stage in the litigation is incorrect. *See Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) ("In assessing the adequacy of representation, the focus should be on the 'subject of the action,' not just the particular issues before the court at the time of the motion." (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)); *Syngenta Seeds*, 2014 WL 1631830, at *7 ("[I]t is immaterial at this point of the litigation that the Intervenors' proposed answer to Plaintiffs' complaint and the County's do not decidedly differ, because the Court's analysis is based upon a divergence of interests and possible future arguments, not presently identified differences.").

1  admittedly parochial interest than the interest of the public at large: avoiding "disruptions to the
2  market that decrease consumption of eggs" and thus "directly injure[] ACEF and its members."
3  Mot. at 8; *see also id.* (describing negative impact of 2010 *Salmonella* recall of eggs on the market
4  for eggs). Indeed, it is difficult to imagine a sector of California's economy that would be more
5  directly affected than ACEF's members if Plaintiffs prevailed in this litigation and lax standards in
6  other States again led to contamination of California's egg supply. Thus, as in *Mendonca*, *Golden*
7  *Gate Restaurant Association*, and *Baker*, ACEF's direct, narrow, and parochial economic interest
8  trumps any presumption of adequacy of representation by the state defendants.

9        The case for intervention as of right is, if anything, *more* compelling here than in *Mendonca*,
10  *Golden Gate Restaurant Association*, or *Baker*. In those cases, there was no indication that
11  participation by the unions would have made a material contribution to the development of the
12  factual record upon which the intervenors' protectable interests would ultimately be adjudicated.
13  *See Mendonca*, 152 F.3d at 1189-90; *Golden State Rest. Ass'n*, 2007 WL 1052820, at *3-4; *Baker*,
14  2012 WL 3205422, at *4-7. Here, in contrast, it is uncontested that ACEF would bring "unique
15  expertise" about egg farming and food safety risks in those activities. *See supra* at p. 2.

16        The Objecting Plaintiffs do not cite any case law in support of their argument that California
17  could adequately represent ACEF's interests in this case. In opposing the Humane Society's motion,
18  the Objecting Plaintiffs point to a number of cases regarding adequacy of representation, but they do
19  not attempt to explain how the cases are relevant to a party, like ACEF, that has a narrow and
20  parochial economic interest in the litigation. In any event, the cases do not support the Objecting
21  Plaintiffs' opposition to ACEF's intervention. In *Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006),
22  the proposed intervenors purported to represent a public policy interest in preventing fraudulent
23  signatures on petitions. *See id.* at 958 n.11. That public policy interest, however, was precisely the
24  public policy interest advanced by the State in defending the constitutionality of the law. *Id.* at 969.
25  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009), and *Pickup v. Brown*, No.
26  2:12-cv-02497-KJM-EFB, 2012 WL 6024387 (E.D. Cal. Dec. 4, 2012), are inapposite for similar
27  reasons. In each of those cases, the proposed intervenors identified only an abstract ideological
28  commitment to defending the particular public policy reflected in the statutes at issue in those cases.

1  *See Perry*, 587 F.3d at 949 (proposed intervenor was "a public interest organization" called
2  "Campaign for California Families" whose interests were "identical" to those of similar public
3  interest groups that were already defendants); *Pickup*, 2012 WL 6024387, at *1 (proposed intervenor
4  was a "membership and advocacy organization working towards equality for and acceptance of
5  California … [LGBT] people").[3]  Finally, unlike here, in *Freedom From Religion Foundation, Inc.*
6  *v. Geithner*, 644 F.3d 836 (9th Cir. 2011), the government defendants opposed the motion to
7  intervene.  *Id*. at 840.  Moreover, while the proposed intervenor argued that his underlying interest
8  diverged from the government's, this argument relied on the dubious assertion that the government's
9  interest in preserving the public fisc prevented it from properly representing the interests of the tax-
10 paying public.  *Id.* at 842.[4]  In contrast, ACEF does not question California's willingness to represent
11 the public interest but rather the State's ability to represent the parochial economic interests of egg
12 farmers in maintaining the demand for eggs.

13       Because it is undisputed that ACEF's motion to intervene was timely, it is undisputed that
14 ACEF has a protectable interest in this case that would be impaired by a judgment for the Plaintiffs,
15 and ACEF's narrow and parochial economic interests cannot be adequately represented by
16 California, ACEF's motion to intervene as of right should be granted.

17 **II.  THE COURT SHOULD ALLOW ACEF TO INTERVENE PERMISSIVELY**

18       At a minimum, the Court should grant ACEF's request for permissive intervention under
19 Rule 24(b).  The Objecting Plaintiffs concede (at 13) that ACEF has met the "threshold
20 requirements" for permissive intervention: ACEF's motion (1) was timely and (2) shares a common
21 legal issue (i.e., the constitutionality of AB 1437) with the California Defendants.  Rather, they

---

[3] In *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006), the Court found the presumption of adequate representation overcome because California and the would-be intervenors would likely take different legal positions.  That such divergences sufficed to establish the intervenor's distinct interest in that case does not mean that they are necessary in every case.

[4] In the course of addressing a hypothetical basis for intervention that ACEF did not assert, Plaintiffs contend (at 13) that AB 1437 was intended to "'level[] the playing field'" for California egg farmers. But as ACEF has explained in its proposed motion to dismiss, AB 1437 draws no distinction between eggs produced in California and eggs produced in another state—if an egg farm does not meet the provisions' egg-laying hen enclosure space requirements, its eggs cannot be sold in California.  *See* Dkt. No. 45-1 ("ACEF MTD") at 9-10.  And the legislative findings and text of AB 1437 make clear that the law was enacted for food safety and animal welfare reasons.  *See generally* Mot. at 1-2; ACEF MTD at 1-2.

1  appear to contend (at 13) that permissive intervention should be denied because the ACEF's interests
2  will be adequately represented by the California Defendants.[5]

3  For the reasons discussed above, ACEF's interests may not be adequately represented by the
4  California Defendants.  But even if the Court were to conclude otherwise, permissive intervention
5  would still be appropriate.  "Permissive intervention is committed to the broad discretion of the
6  district court."  *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).  Where, as here, the
7  threshold requirements for permissive intervention are met, the Court "is … entitled to consider
8  other factors in making its discretionary decision on the issue of permissive intervention."  *Spangler
9  v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *see also Pickup*, 2012 WL
10 6024387, at *4.  The adequacy of representation is merely one of many factors that the Court may
11 consider, *see Sprangler*, 552 F.2d at 1329, and courts can and do grant permissive intervention
12 where the interests of the proposed intervenor are adequately represented by other defendants.
13 Indeed, that is precisely what this Court did in *Pickup*, where it rejected the same contention made
14 by the Objecting Plaintiffs in this case.  2012 WL 6024387, at *4 (rejecting objection to permissive
15 intervention based on "similarity between [proposed intervenor's] position and the state defendants'
16 position" and stating that "the shared interests of [the proposed intervenor] and the state defendants
17 support [the proposed intervenor's] argument that it shares a common question of law with the
18 current action").

19 Aside from their adequacy of representation argument, the Objecting Plaintiffs make no
20 attempt to contest ACEF's showing that permissive intervention would be appropriate.  They do not
21 claim that ACEF's intervention would result in any "delay" or "prejudice[]."  Mot. at 12.  Indeed, to
22 date the parties and proposed intervenors have worked cooperatively on scheduling issues to ensure
23 that motions are presented in a coordinated fashion.  Nor do they contest ACEF's showing that its
24 participation would bring several unique elements to the lawsuit—including "the perspective of

25
26 [5] The Objecting Plaintiffs point to two factors (out of nine) that a district court *may* consider when deciding whether to permit intervention: "the nature and extent of the intervenors' interests" and
27 "whether the intervenors' interests are adequately represented by other parties."  Opp. at 13.  To the extent they use the first of these two factors as anything other than a proxy for adequacy of
28 representation, their argument fails because they have not even disputed that ACEF has a significant protectable interest for purposes of Rule 24(a).  *See* Mot. at 6-8; Opp. at 11-14.

1 private businesses that are well-versed in the need for food safety" and "experience developing food

2 safety solutions to protect consumer confidence in eggs." Mot. at 11; *see also id.* at 12-13.  Should

3 the case proceed beyond the motion to dismiss stage, permitting ACEF to intervene "'will

4 significantly contribute to full development of the underlying factual issues in the suit and to the just

5 and equitable adjudication of the legal questions presented.'" *Perry v. Schwarzenegger*, 630 F.3d

6 898, 905 (9th Cir. 2011) (per curiam) (quoting *Spangler*, 552 F.2d at 1329).  These contributions

7 warrant permissive intervention. *See, e.g.*, *Pickup*, 2012 WL 6024387, at *4 (granting permissive

8 intervention where proposed intervenor would "provide a helpful, alternative viewpoint … that will

9 aid the court in resolving plaintiffs' claims fully and fairly"); 6 *Moore's Federal Practice*

10 § 24.10[2][b], at 24-67 (Matthew Bender 3d ed. 2014) (permissive intervention likely to be allowed

11 where "the movant may be able to provide unique input that may be of value to the court …

12 'especially on subjects within the special expertise of the intervenor'").

## CONCLUSION

14 For the reasons set forth above and in ACEF's motion and supporting memorandum, ACEF

15 should be allowed to intervene in this action either as a matter of right under Rule 24(a) or

16 permissively under Rule 24(b).

18 DATED: May 2, 2014         Respectfully submitted,

19                                             /s/ Brian M. Boynton
                                            Brian M. Boynton         (SBN 222193)
20                                          Francesco Valentini      (SBN 255264)
                                            WILMER CUTLER PICKERING
21                                              HALE AND DORR LLP
                                            1875 Pennsylvania Avenue, N.W.
22                                          Washington, D.C.  20006
                                            (202) 663-6000
23                                          (202) 663-6363 (fax)
                                            brian.boynton@wilmerhale.com
24

25                                          Randall R. Lee           (SBN 152672)
                                            WILMER CUTLER PICKERING
26                                              HALE AND DORR LLP
                                            350 South Grand Ave., Suite 2100
27                                          Los Angeles, CA  90071
                                            (213) 443-5300
28

(213) 443-5400 (fax)
randall.lee@wilmerhale.com

Attorneys for Proposed Defendant-Intervenor
ASSOCIATION OF CALIFORNIA EGG FARMERS