J. ANDREW HIRTH (*pro hac vice*)
Deputy General Counsel
OFFICE OF THE ATTORNEY GENERAL OF MISSOURI
P.O. Box 899
Jefferson City, Missouri 65102
(573) 751 – 0818
(573) 751 – 0774 (fax)
andy.hirth@ago.mo.gov
*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT CALIFORNIA

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel., Chris Koster, Attorney General; THE STATE OF NEBRASKA, ex rel. Jon Bruning, Attorney General; THE STATE OF OKLAHOMA, ex rel. E. Scott Pruitt, Attorney General; THE STATE OF ALABAMA, ex rel. Luther Strange, Attorney General; THE COMMONWEALTH OF KENTUCKY, ex rel. Jack Conway, Attorney General; and TERRY E. BRANSTAD, Governor of the State of Iowa, <br><br> Plaintiffs, <br> v. <br><br> KAMALA D. HARRIS, solely in her official capacity as Attorney General of California; and KAREN ROSS, solely in her official capacity as Secretary of the California Department of Food and Agriculture, <br><br> Defendants, <br><br> and THE HUMANE SOCIETY OF THE UNITED STATES and THE ASSOCIATION OF CALIFORNIA EGG FARMERS, <br><br> Defendant-Intervenors. | Case No. 2:14-cv-00341-KJM-KJN <br><br> **JOINT STATUS REPORT ON THE PARTIES' RULE 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN** <br><br> Courtroom: 3, 15th floor <br> Judge: Hon. Kimberly J. Mueller <br> Action Filed: 02/03/2014 <br> Hearing Date: 06/12/2014 |

– 1 –     (Case No. 2:14-cv-00341-KJM-KJN)

Plaintiffs Missouri, Nebraska, Kentucky, Oklahoma, Alabama, and Governor Branstad (Plaintiffs); together with Defendants Attorney General Kamala D. Harris and Secretary Karen Ross (California) and Defendant-Intervenors the Humane Society of the United States (HSUS) and the Association of California Egg Farmers (ACEF), submit this Joint Status Report on the Parties' Rule 26(f) Conference and Proposed Discovery Plan pursuant to the Court's February 4, 2014 Order Setting Status (Pretrial Scheduling) Conference on June 12, 2014, and its June 4, 2014 Minute Order extending the Parties' deadline for filing our joint status report until June 9, 2014.

**(a) Summary of claims and defenses**

Plaintiffs bring this two-count action to declare Cal. Health & Safety Code §§ 25996-97 and Cal. Code Regs, tit. 3, §1350(d)(1) (collectively, the "Shell Egg Laws") unconstitutional and permanently enjoin their enforcement. Count I alleges that the Shell Egg Laws discriminate against, directly control, and substantially burden the sale of eggs from Plaintiff States to consumers in California in violation of the dormant Commerce Clause, U.S. Const. art. I, sec. 8. Count II alleges that the Shell Egg Laws are also expressly preempted by the Egg Products Inspection Act, 21 U.S.C. § 1031 et seq. California, HSUS, and ACEF contend that Plaintiffs lack Article III standing to challenge the constitutionality of the Shell Egg Laws; that the Shell Egg laws do not discriminate against, directly control, or substantially burden interstate commerce; and that the Shell Egg Laws are not preempted by the Egg Products Inspection Act.

**(b) Status of service upon all defendants**

All Defendants have been served.

**(c) Possible joinder of additional parties**

The Parties do not anticipate joinder of any additional parties.

**(d) Contemplated amendments to pleadings**

Plaintiffs anticipate no further amendments to their Amended Complaint.

**(e) Statutory basis for jurisdiction and venue**

This case presents a federal question allegedly arising under the Commerce and Supremacy Clauses of the Constitution of the United States, 42 U.S.C. §1983, and 42 U.S.C.

§1988.  The Court has subject-matter jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3). Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because the Attorney General of California maintains an office within the Eastern District of California.

**(f) Anticipated discovery**

The parties anticipate conducting all forms of discovery permitted under Federal Rules of Civil Procedure.  They do not anticipate any need to deviate from the procedures or limits imposed by those Rules.

**(g) Contemplated dispositive or other motions**

Both California and HSUS have pending motions to dismiss, and ACEF has a pending motion to dismiss or for judgment on the pleadings.  If the Amended Complaint survives these motions, Plaintiffs anticipate moving for preliminary injunctive relief before the end of the year.  California, HSUS, and ACEF reserve all rights to oppose any request for preliminary injunctive relief including, but not limited to, its timeliness.  All parties anticipate moving for summary judgment following discovery.

**(h) Proposed discovery and trial schedule**

The parties disagree about the time necessary to conduct discovery and resolve this case, as set forth in the following alternative scheduling proposals:

<u>Proposal from Plaintiffs, California, and HSUS</u>

Plaintiffs, California, and HSUS believe they will need approximately ten months to complete fact and expert discovery.  Accordingly, they propose the following schedule:

- Rule 26(a)(1) Initial Disclosures due July 1, 2014
- Reports of Plaintiffs' experts due October 20, 2014
- Reports of Defendants' experts due November 20, 2014
- Deposition of Plaintiffs' experts concluded by January 31, 2015
- Deposition of Defendants' experts concluded by February 28, 2015
- All discovery (both fact and expert) closes April 1, 2015
- Dispositive motions due May 1, 2015
- Final Pretrial Conference on August 20, 2015

- Trial held the week of September 22, 2015.[1]

Proposal from ACEF

ACEF opposes the schedule proposed above and instead proposes the following more expedited alternative schedule:

- Rule 26(a)(1) Initial Disclosures due July 1, 2014
- Reports of Plaintiffs' experts due August 22, 2014
- Reports of Defendants' experts due September 19, 2014
- All discovery (both fact and expert) closes October 3, 2014
- Dispositive motions due October 24, 2014

ACEF believes it is of critical importance that the Court be in a position to issue a decision regarding the validity of the Shell Egg Laws as soon as possible and in all events before those laws take effect on January 1, 2015.[2]  In ACEF's view, Plaintiffs' constitutional and preemption

---

[1] HSUS also notes that these dates may need to be changed, dependent on the Court's ruling on the motions to dismiss.  In its motion, HSUS requested jurisdictional discovery on the issue of standing, should the motion be denied.  In the event the Court grants the opportunity to engage in jurisdictional discovery, HSUS contends that such discovery should be completed—and the Court's jurisdiction determined—before proceeding with fact and expert discovery.

Plaintiffs disagree that merits discovery should be delayed for HSUS to conduct purely jurisdictional discovery and respectfully suggest that any inquiry into Plaintiffs' standing can be conducted concurrently with discovery on the merits of Plaintiffs' claims.

[2] California does not agree that the parties' Joint Report on their Rule 26(f) Conference is the appropriate document in which parties should make extended arguments regarding discovery.  If the Court would like to entertain such arguments, Defendants request leave to do so in an appropriate context.

HSUS agrees with California and does not believe there is any urgency for the Court to decide the issues raised, which Plaintiffs have known about for some time. Three dispositive motions are now pending and will be heard on August 22.  The Court's ruling on those motions is an important starting point for whatever other motions may be filed.  ACEF's proposed schedule will force the Court and parties to undertake simultaneous preparation and briefing of four substantive motions (Defendants/HSUS' motions to dismiss; ACEF's motion to dismiss/for judgment on the pleadings; Plaintiffs' proposed preliminary injunction; and multiple motions for summary judgment).

While Plaintiffs generally agree with California and HSUS on the proposed discovery and trial schedule, Plaintiffs agree with ACEF that it is important for the Court to have an opportunity to consider some of the issues in this case—at least on a preliminary basis—before the Shell Egg Laws go into effect on January 1, 2015. Accordingly, Plaintiffs have intended from the outset to move for a preliminary injunction in enough time for the Court to consider the

– 4 –                         (Case No. 2:14-cv-00341-KJM-KJN)

challenges to the Shell Egg Laws present only questions of law that can and should be resolved in connection with the pending motions to dismiss, which are scheduled to be heard August 22, 2014.[3]  In the meantime, however, ACEF proposes an expedited schedule for conducting discovery and filing motions for summary judgment, so that this case can be resolved promptly in the event the Court concludes that consideration of factual material beyond the pleadings is required.  ACEF believes its proposed schedule provides more than adequate time to complete discovery and would make it possible for this Court to issue a decision on the Parties' summary judgment motions in 2014 before the Shell Egg Laws take effect.  Plaintiffs have also indicated that they seek guidance from the Court in advance of January 1, 2015.  But rather than adopt an expedited schedule for litigating this case, Plaintiffs (along with California and HSUS) have proposed a schedule that calls for discovery to continue until April 1, 2015, with dispositive motions to follow.  Instead of attempting to resolve the case in 2014 at summary judgment, Plaintiffs state that they plan at some later point in time to file a motion for a preliminary injunction, which they will ask the Court to resolve before January 1, 2015.  ACEF respectfully suggests that, rather than plan months in advance to litigate a preliminary injunction motion, the parties should put themselves and the Court in a position to resolve Plaintiffs' challenges at summary judgment.

**(i) Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence; anticipated restrictions on the use of expert testimony**

One or more of the Parties anticipates factual disputes concerning (a) the extent to which the Shell Egg Laws burden interstate commerce, (b) the extent to which the Shell Egg Laws benefit local interests in California, (c) whether the Shell Egg Laws' burden on interstate commerce outweighs their local benefits, (d) whether the Shell Egg Laws bestow an economic

---

likelihood of Plaintiffs' success on the merits before the end of this year.  Plaintiffs did not file a motion for preliminary injunction on the same day they filed their complaint—nearly a year before the Shell Egg Laws' effective date—because there would have been nothing for the Court to enjoin at that time.

[3] ACEF opposed the other parties' request to move the hearing from June 6 to August 22 and continues to believe that an earlier hearing would be in the interest of all parties and the Court.

advantage on California egg producers over egg producers outside of California, and (e) whether the Shell Egg Laws have the practical effect of regulating the sale of eggs wholly outside California. Defendants do not concede that resolution of Plaintiffs' constitutional and preemption claims requires fact finding on these issues. The parties anticipate that they would attempt to stipulate to many other facts prior to summary judgment and trial (should one be necessary).

**(j) Special trial procedures**

The parties have not consented to have this case heard by a magistrate judge and do not currently believe any special trial procedures are necessary.

**(k) Standard pretrial procedures**

The parties do not propose any modification of standard pre-trial procedures.

**(l) Related cases.**

The parties are not aware of any related cases pending in this district.

**(m) Timing of Settlement Discussions**

As this case concerns the constitutionality of California law, settlement negotiations would not be productive.

**(n) Other matters**

As the relief sought by Plaintiffs in this case is equitable and declaratory in nature, there will be no jury demand. The parties are not aware of any other matters to bring to the Court's attention at this time.

Date: June 9, 2014                                   Respectfully submitted,

CHRIS KOSTER                                        KAMALA D. HARRIS
Attorney General of Missouri                         Attorney General of California

*/s/ J. Andrew Hirth*                                */s/ Susan K. Smith*
J. ANDREW HIRTH                                     SUSAN K. SMITH
Deputy General Counsel                               Deputy Attorney General
(*pro hac vice*)                                    *Attorneys for Defendants Attorney*
*Attorneys for State of Missouri*                   *General Kamala D. Harris and*
                                                    *Secretary Karen Ross*

– 6 –                              (Case No. 2:14-cv-00341-KJM-KJN)

JOINT STATUS REPORT ON THE PARTIES RULE 26(F) CONFERENCE AND PROPOSED DISCOVERY PLAN

| | |
|---|---|
| JON BRUNING<br>Attorney General of Nebraska<br><br>*/s/ Blake Johnson*<br>BLAKE JOHNSON<br>Assistant Attorney General<br>(*pro hac vice*)<br>*Attorneys for Plaintiff*<br>*State of Nebraska* | SCHIFF HARDIN LLP<br><br>*/s/ Bruce Wagman*<br>BRUCE WAGMAN<br>*Attorneys for Defendant-Intervenor*<br>*the Humane Society of the United*<br>*States* |
| JACK CONWAY<br>Attorney General of Kentucky<br><br>*/s/ Joseph Newberg*<br>JOSEPH NEWBURG<br>Assistant Attorney General<br>(*pro hac vice*)<br>*Attorneys for Plaintiff*<br>*Commonwealth of Kentucky* | WILMER CUTLER PICKERING HALE AND DORR LLP<br><br>*/s/ Brian M. Boynton*<br>BRIAN M. BOYNTON<br>*Attorneys for Defendant-Intervenor*<br>*the Association of California Egg*<br>*Farmers* |
| LUTHER STRANGE<br>Attorney General of Alabama<br><br>/s/ Robert D. Tambling<br>ROBERT D. TAMBLING<br>Chief, Environmental Section<br>(*pro hac vice*)<br>*Attorneys for Plaintiff*<br>*State of Alabama* | TERRY E. BRANSTAD<br>Governor of the State of Iowa<br><br>THOMAS J. MILLER<br>Attorney General of Iowa<br><br>*/s/ Jacob J. Larson*<br>JACOB J. LARSON<br>Assistant Attorney General<br>(*pro hac vice*)<br>*Attorneys for Plaintiff*<br>*Terry E. Branstad,*<br>*Governor of the State of Iowa* |
| E. Scott Pruitt, OBA#15828<br>Oklahoma Attorney General<br><br>*/s/ P. Clayton Eubanks*<br>P. Clayton Eubanks<br>Deputy Solicitor General<br>(*pro hac vice*)<br>*Attorneys for Plaintiff*<br>*State of Oklahoma* | |