UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF MISSOURI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA D. HARRIS, et al.,<br><br>Defendants. | No. 2:14-cv-00341-KJM-KJN<br><br><br><br>ORDER |

Two motions for leave to file a brief as amici curiae are before the court. One motion is brought by the Animal Legal Defense Fund ("ALDF"), Compassion Over Killing, Inc. ("COK"), and Farm Sanctuary, Inc.'s ("Farm Sanctuary") (collectively "Amici I") seeking leave to file a brief in support of the motion to dismiss filed by Kamala Harris and Karen Ross (collectively "defendants"). ECF No. 44. The other is brought by the Center For Food Safety ("CFS"), Consumers Union, Food & Water Watch ("FWW"), Food Animal Concerns Trust ("FACT"), Healthy Food Action, the Institute for Agriculture and Trade Policy ("IATP"), and Public Justice, P.C.'s ("Public Justice") (collectively "Amici II"), seeking leave to file an amicus brief in support of the motions to dismiss filed by defendants and defendant-intervenors Association of California Egg Farmers ("ACEF") and the Humane Society of the United States ("HSUS"). ECF No. 63.

For the reasons discussed below, both motions are GRANTED.

1

I.      BACKGROUND & PROCEDURAL HISTORY[1]

On March 5, 2014, the State of Missouri, the State of Nebraska, the State of Oklahoma, the State of Alabama, the Commonwealth of Kentucky, and Terry Branstad, the Governor of the State of Iowa (collectively "plaintiffs"), filed a first amended complaint asserting two alternative causes of action under the Commerce and Supremacy clauses. First Am. Compl., ECF No. 13. Plaintiffs allege Assembly Bill (AB) 1437 and section 1350 of title 3 of the California Code of Regulations ("section 1350"), both legislative matters related to Proposition 2 ("Prop 2") passed by California voters in 2008, violate the Commerce Clause because (1) they are "intended to eliminate[e] the competitive advantage [plaintiffs' egg] producers would enjoy once Prop 2 becomes effective;" (2) the provisions "have the purpose and effect of regulating conduct" outside California; and (3) they "impose a substantial burden on interstate commerce . . . ." *Id.* ¶¶ 96–101. Plaintiffs further allege even if the court finds AB 1437 and section 1350 serve a legitimate, non-discriminatory purpose, the provisions are expressly and implicitly preempted by section 1052(b) of the Federal Egg Products Inspection Act, 21 U.S.C. § 1031. *Id.* ¶¶ 76–81.

On March 26, 2014, HSUS moved to intervene in the action. ECF No. 27. Included with its motion to intervene was a motion to dismiss the action. ECF No. 27-2. On April 8, 2014, ACEF moved to intervene in the action. ECF No. 33. On April 25, 2014, plaintiffs opposed both parties' motions to intervene, ECF No. 46, and on May 2, 2014, ACEF and HSUS replied in support of their motions. ECF Nos. 47, 48. On June 3, 2014, the court granted both motions to intervene. ECF No. 57.

On April 9, 2014, defendants moved to dismiss the action. ECF No. 36. On April 25, 2014, defendant-intervenor ACEF moved to dismiss the action or, alternatively, for judgment on the pleadings. ECF No. 45. On May 12, 2014, plaintiffs opposed the motions to dismiss by defendants and HSUS. ECF No. 52. Plaintiffs submitted an amended opposition on May 16, 2014, which included an opposition to ACEF's April 25, 2014 motion to dismiss and motion for

---

[1] Because the parties know the facts of the underlying action and because the court provided a detailed description of the action in a prior order, ECF No. 57, the court provides only a brief summary of the relevant background here.

2

judgment on the merits. ECF No. 54. On June 5, 2014, defendants and both defendant-intervenors replied in support of their motions. ECF Nos. 50, 58, 60.

On April 22, 2014, Amici I filed a motion for leave to file an amicus curiae brief in support of defendants' motion to dismiss. ECF No. 44. The same day, Amici II filed a motion for leave to file an amicus curiae brief in support of defendants' and defendant-intervenors' motions to dismiss. ECF No. 63.

On June 11, 2014, defendant-intervenor ACEF filed a statement of non-opposition to Amici I's motion. ECF No. 65. On June 12, 2014, at a status conference with plaintiffs' counsel, defense counsel and counsel for both defendant-intervenors, the court discussed the two outstanding motions for leave to file amicus briefs and no party indicated an opposition. ECF No. 67. Plaintiffs' counsel stated on the record they do not oppose either motion. On June 24, 2014, defendants filed a statement of non-opposition to both motions. ECF No. 68. Accordingly, the court deems both motions unopposed.

II.     LEGAL STANDARD

The district court has broad discretion regarding the appointment of amici. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). "An amicus brief should normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *N. Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). While "[h]istorically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another," *CARE*, 54 F. Supp. 2d at 975, the Ninth Circuit has said "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *Hoptowit*, 682 F.2d at 1260 (upholding

/////

district court's appointment of amicus curiae, even though amicus entirely supported only one party's arguments).

III.     AMICI I'S MOTION TO FILE AMICUS

The Amici I parties describe themselves as follows:  ALDF "advocates for the interests of animals" and "is very experienced with challenges brought against animal welfare laws throughout the country." ECF No. 44 at 3–4.  The organization works to enact and enforce both animal cruelty and animal welfare laws nationwide.  *Id.* at 4.  "Farm Sanctuary is the nation's largest farm animal rescue and protection organization" with "first-hand knowledge of the inhumane conditions associated with battery cages." *Id.*  "COK brings specialized knowledge of farm conditions in California" gained through previously investigating "egg production facilities outside of California that use battery cages." *Id.*  In support of their motion, each Amici I organization states it has "spent substantial time, financial resources, and institutional goodwill fighting to stop the practice of raising egg-laying hens in 'battery cages.'" *Id.* at 3.  Accordingly, Amici I argue "a ruling in favor of [p]laintiffs would undo much of [their] efforts and thereby significantly injure [Amici I] and their members." *Id.*  In their proposed amicus brief, Amici I "provide[] legal authority establishing that preventing animal cruelty and protecting public health are legitimate state interests" furthered by AB 1437, as well as information demonstrating the stated purposes for AB 1437 are not pretextual.  *Id.* at 5.

Here, the court finds it appropriate to grant Amici I's motion.  Amici I's proposed brief provides focused legal analysis on two issues relevant to defendants' and defendant-intervenors' motions to dismiss: whether preventing animal cruelty is a legitimate state interest and whether the stated purposes for AB 1437 were pretextual.  *See* ECF No. 44 at 5.  Amici I's brief will enable the court to make a well-informed decision regarding the legal sufficiency of plaintiffs' first amended complaint.  *See*, *e.g.*, *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." (citing *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus., State of Mont.*, 694 F.2d 203 (9th Cir. 1982))); *NGV Gaming, Ltd. v. Upstream Point*

*Molate, LLC*, 355 F. Supp. 2d 1061, 1067–68 (N.D. Cal. 2005); *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003).

There is no indication Amici I are seeking to control the litigation or the present parties are "mere strawmen" to confer Amici I standing to litigate their views. *Hoptowit*, 682 F.2d at 1260 (noting these are impermissible roles for amici curiae). Amici I merely "take a legal position and present legal arguments in support of [that position] . . . ." *Funbus*, 801 F.2d at 1125 (citation omitted). Thus, Amici I are "fulfill[ing] the classic role of amicus curiae by . . . drawing the court's attention to law that escaped consideration." *Miller-Wohl*, 694 F.2d at 204 (citations omitted). Moreover, participation as amici is appropriate where, as here, legal issues in the action have potential ramifications beyond the parties directly involved. *See Sonoma Falls*, 272 F. Supp. 2d at 925.

Accordingly, Amici I's motion to file an amicus brief is GRANTED.

IV. AMICI II'S MOTION TO FILE AMICUS BRIEF

Amici II are "public interest advocacy organizations dedicated to protecting consumer rights and health with regard to food and agriculture" who all work to "ensur[e] that consumers have access to information about how their food is produced . . . ." ECF No. 63 at 6. Their goal is to ensure consumers "are both empowered to make informed decisions and protected from adulterated food." *Id.* Amici II argue they have a discernable interest in the outcome of this case because of their efforts to ensure consumers have access to information regarding food production. *See* ECF No. 63-1 at 12. Amici II's proposed amicus brief "provides information . . . about the association between foodborne illness and the use of battery cages," as well as "the critical role that AB 1437 fulfills in protecting consumers from unnecessary and preventable risks of contracting foodborne illness." ECF No. 63 at 3. They argue the information will help to demonstrate AB 1437 serves a legitimate state interest. *Id.*

Here, there is no indication Amici II seek to utilize their amicus brief as a means of gaining any degree of control over this litigation. *See Hoptowit*, 682 F.2d at 1260. Rather, Amici II's proposed brief supplements the parties' efforts by drawing the court's attention to the issue of

5

whether the challenged provisions further a legitimate state interest. *See Miller-Wohl*, 694 F.2d at 204. The court finds Amici II's motion will enable the court to make a well-informed decision on the motions to dismiss and on the legal sufficiency of plaintiffs' first amended complaint. *See, e.g.*, *Ryan*, 125 F.3d at 1063; *NGV Gaming*, 355 F. Supp. 2d at 1067–68; *Sonoma Falls*, 272 F. Supp. 2d at 925; *Cobell*, 246 F. Supp. 2d at 62. Additionally, as noted, Amici II have a direct interest in the outcome of this case. *See Sonoma Falls*, 272 F. Supp. 2d at 925.

Accordingly, Amici II's motion to file amicus brief is GRANTED.

V.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Amici I's Motion for Leave to File Amicus Brief, ECF No. 44, is GRANTED, and Amici I are directed to file their brief in the form attached to their motion within two days of the filed date of this order.

2. Amici II's Motion for Leave to File Amicus Brief, ECF No. 63, is GRANTED, and Amici II are directed to file their brief in the form attached to their motion within two days of the filed date of this order.

DATED: June 30, 2014.

_____
UNITED STATES DISTRICT JUDGE